UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02294-JMS-TAB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Joshua Jackson's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCP 18-04-0020. For the reasons explained in this Order, Mr. Jackson's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On April 18, 2018, Officer J. Coy charged Mr. Jackson with offense B-235, resisting staff, in case NCP 18-04-0020. Dkt. 13-1 at 1. The report of conduct states:

> On the above said date and approximate time I Officer Coy assisted with escorting offender Jackson (#222115) to the 5/7 exam room for a nurse sick call with Nurse Boyce. Offender Jackson became disorderly upon entering the exam room and refused treatments. As Officer Sparks and I were escorting Offender Jackson back to his cell he began resisting staff and had to be placed against the officer station with the least amount of force necessary to gain compliance. Offender Jackson calmed down and was escorted back to his cell (708). Upon arriving at his cell Offender Jackson began to resist staff again and had to be placed on his cell wall with the least amount of force necessary to gain compliance. Once compliance was gained the door was closed and the restraints were removed without further incident. Offender Jackson was notified of this report

*Id.* Officer Sparks provided a written statement that corroborated the events in the conduct report. *See* dkt. 13-13. The incident was captured on video, but no pictures were taken. Dkt. 13-3; dkt. 13-8; *see also* dkt. 13-14 (email confirming no photos were taken).

On April 24, 2018, the screening officer notified Mr. Jackson of the charge and provided him with copies of the report of conduct and the notice of disciplinary hearing. Dkt. 13-3; dkt. 13-6. Mr. Jackson pled not guilty, and a lay advocate was appointed upon Mr. Jackson's request. Dkt. 13-3; dkt. 13-4. Mr. Jackson requested several witnesses (Officer Martinez, Officer Jones, and Sergeant Ingerman), all of whom submitted statements. Only Sergeant Ingerman, however, had potentially relevant information. He stated that he could not confirm that Mr. Jackson has medical issues, but that Mr. Jackson "always tells [Sergent Ingerman] he has medical issues and is going [through] a lawsuit with medical but that's it." Dkt. 13-12 at 2.

On May 3, 2018, the disciplinary hearing officer (DHO) held a hearing. Dkt. 13-7. According to the hearing officer, Mr. Jackson pled not guilty and stated: "I did not resist, fuck you,

2

shove that report up your ass mother fucker." *Id.* The hearing officer added: "Due to behavior offender was removed from hearing. He is screaming and reaching out of the bars and throwing punches at me. Treatment team oke'd normal sanctions." *Id.* The DHO considered the staff reports, Mr. Jackson's statement, witness statements, Mr. Jackson's legal work and physical evidence (email, incident report, video). *Id.* The DHO found Mr. Jackson guilty of offense B-235, resisting staff. *Id.* The DHO's decision stated: "Based on cond. report, evidence, video, and offender and witness statement—GUILTY—." *Id.* The DHO imposed the following relevant sanctions: a 90-day credit time deprivation and a one-step credit class demotion. *Id.* Because Mr. Jackson had been removed to the recreation cage, he was unable to sign the hearing report. *Id.*

Mr. Jackson filed a timely facility appeal, which was denied on June 12, 2018. Dkt. 13-15. Mr. Jackson did not file an appeal to the final reviewing authority. In June 2021, Mr. Jackson filed a second facility appeal. Dkt. 13-16 at 2. On July 20, 2021, S. Fitch, the assistant facility administrator, responded to Mr. Jackson's appeal stating that no action would be taken on the appeal because Mr. Jackson failed to file it within 15 working days of the hearing date. *Id.* at 1. In August 2021, Mr. Jackson filed his habeas petition. Dkt. 2. The respondent filed a return to the Court's order to show cause, dkt. 13, and Mr. Jackson did not file a reply.

**C. Analysis**

The Court construes the following grounds to be raised in the petition: (1) Mr. Jackson was deprived of his property before his hearing; (2) Mr. Jackson did not have a lay advocate to help with his appeals; and (3) Mr. Jackson's punishment was too severe in light of his status as a "mentally ill disabled prisoner." Dkt. 2.

1. **Exhaustion**

The Respondent argues that Mr. Jackson failed to exhaust his administrative remedies for

3

any of his claims. Dkt. 13 at 7-9. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). A district court may not grant a state prisoner's petition for a writ of habeas corpus unless it appears that the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019). *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat*, 288 F.3d at 982 ("That procedural default means ... that state remedies were not exhausted, and precludes consideration of this theory under § 2254...."). Such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice. *Martin*, 749 F. App'x 463 at 464.

The Court has reviewed Mr. Jackson's lower-level appeals and finds that he did not exhaust any of the issues raised in his habeas petition. While he did submit appeals to the facility head, both in 2018 and again in 2021, it does not appear that Mr. Jackson filed an appeal to the IDOC Final Reviewing Authority at any point. Mr. Jackson has not challenged the respondent's argument or shown any basis for overcoming his procedural default. *See Johnson v. Foster*, 786 F.3d 501,

4

505 (7th Cir. 2015) (recognizing instances where a court "may excuse a procedural default"). Consequently, all of Mr. Jackson's habeas claims are procedurally barred.

### 2. Merits

Even if Mr. Jackson had exhausted his claims, he still would not be entitled to habeas relief.

### a. Pre-Hearing Restrictions

The exact nature of Mr. Jackson's claim about being denied access to his property before the hearing is not clear. Nevertheless, a court may grant a writ of habeas corpus under 28 U.S.C. § 2254 "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A prisoner may petition for a writ of habeas corpus to seek either immediate or earlier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484–88 (1973). "If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held," habeas corpus is not available to him. *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Because this ground for relief relates only to the conditions-of-confinement that Mr. Jackson was subjected to, it is not appropriately raised in a habeas petition.

### b. Lay Advocate

Mr. Jackson next argues that as a mentally ill, disabled prisoner, he should have had the help of a lay advocate for his appeals process. At the outset, it is undisputed that Mr. Jackson had a lay advocate for the hearing, even though it was likely not required. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (citing *Wolff*, 418 U.S. at 571) (a prisoner in a disciplinary proceeding has no right to a lay advocate unless he is illiterate, or the complexity of the issue makes it unlikely that he will be able to collect and present evidence). Mr. Jackson's claim therefore relates solely to his lack of an advocate on appeal. However, there is no due process right to an

administrative appeal, so no error during the administrative appeal process can justify habeas relief. In *Wolff*, the Supreme Court made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal—even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

### c. Excessive Sanctions

Lastly, Mr. Jackson argues that because he is mentally ill, the punishment he received for his violation was excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of Class B offenses (which includes resisting) may be subject to sanctions of the loss of up to three months earned credit time and up to a one grade demotion in credit class. *See* Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective June 1, 2015). Additionally, in his decision, the DHO noted that the mental health treatment team "ok'ed normal sanctions" for Mr. Jackson. Dkt. 13-7. Because the sanctions affecting the duration of Mr. Jackson's sentence were within the parameters set forth by departmental policy, and it is not grossly disproportionate to the offense and does not violate the Eighth Amendment, the claim regarding excessive sanctions is not a basis for habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of

the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jackson to the relief he seeks. Accordingly, Mr. Jackson's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/24/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA JACKSON
222115
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel